# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Arleatha P. Jinks, | : | Case No. 1:06CV2934 |
| | : | |
| Plaintiff | : | Judge Dan A. Polster |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

This action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3)seeking judicial review of defendant's final determination denying plaintiff's claim for supplemental security income benefits (SSI), 42 U.S.C. §1381 et seq., is pending decision upon the parties' submissions on the merits, pursuant to which plaintiff seeks entry of final judgment in her favor, alternatively, an order of remand, and defendant seeks final judgment upholding the decision below.

Plaintiff's SSI application was filed in May 2, 2003,[1] but carries a protective filing date of March 5, 2003, alleging an onset date of disability of June 1, 2001.[2]

In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions

---

[1] The plaintiff had previously applied for SSI in 1999 and 2002. Each of those applications was denied at the state agency level, with no appeals taken from those denials. The second application was denied on August 12, 2002.

[2] Although the plaintiff claimed June 1, 2001 as her onset date she could only receive the benefits she seeks from her protective filing date forward.

limit your ability to work?" were answered "seizure disorder/hypertension/osteoarthritis/anemia" and "cannot stand longer than five minutes/can't walk more than two minutes/cannot lift."

Upon denial of plaintiff's claim on the state agency level hearing de novo before an Administrative Law Judge (hereinafter ALJ) was requested.  Evidentiary hearing, at which plaintiff was represented by counsel, was held on October 31, 2005.  Also testifying at that proceeding was a vocational expert, Ms. Carol Mosley.

At the outset of the hearing plaintiff's counsel called to the ALJ's attention that the plaintiff had recently been in a motor vehicle accident, sustaining injuries which resulted in spinal surgery, and requested time to submit medical evidence with regard thereto.  That request was granted, and those records were submitted post-hearing.

Unfortunately, the plaintiff's testimony as to the nature and extent of the impairments underlying her claim of disability is not, to this Court, a model of clarity.  It does appear that her condition, as she described it, had varied over the four plus years since her claimed onset date.  She testified that when she filed her application she was "having problems with her legs, and when I went to the doctor they sent me for X-rays and MRIs, and they found the problem was coming from my lower back."  The medical evidence reflects that in November 2003 the plaintiff underwent an "L4-S1 decompression, L4-L5 and L5-S1 foraminotomy, L4-L5 fusion with left iliac crest bone grafting" and when asked by her counsel whether after 2003 she would be able to perform any of her previous jobs the plaintiff's response was "No, not until after the surgery."  However, she then stated that she was "under the doctor's care for a year," thereafter, during which time she was in physical therapy, and that although she no longer had any lower back pain at the end of therapy "during the physical therapy I started having problems with my neck, and they did some more MRIs

and X-rays and thought I had a degenerative disc in my neck that was affecting my arms and hands," causing tingling, some loss of sensation, so that she was "kind of clumsy like," but the extent of her alleged limitations was unclear. When questioned by the ALJ the plaintiff stated with regard to the problems with her hands "with the medication it's not as often as it used to be." She also stated that prior to her recent accident she believed that she could lift up to ten pounds and was not having trouble walking. As to her present post-accident restrictions she said she was limited to lifting five pound weights.

On February 22, 2006 the ALJ entered his opinion denying plaintiff's claim. That decision became defendant's final determination upon denial of review by the Appeals Council on October 4, 2006. The ALJ's "Findings," which represent the rationale of decision, were:

1. The claimant has not engaged in substantial gainful activity since June 1, 2001, her alleged onset of disability.

2. The claimant's discogenic and degenerative disorders of the back are considered "severe" based on the requirements in the Regulations 20 CFR §416.920(c).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

4. I find the claimant is not credible for the reasons set forth in the body of the decision.

5. The claimant has the residual functional capacity to perform light work. She can lift and carry up to 20 pounds occasionally and 10 pounds frequently, and stand, walk, and sit for 6 hours in an 8-hour workday and push and pull without significant limitations.

6. The claimant has no past relevant work (20 CFR §416.965).

7. The claimant is a younger individual (20 CFR §416.963).

3

8. The claimant has a high school equivalent education (20 CFR §416.964).

9. The claimant has the residual functional capacity to perform the full range of light work (20 CFR 416.967).

10. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 202.20. Therefore, based on Rule 202.20, there is work, existing in a significant number of jobs in the national economy, that the claimant is capable of performing.

11. The claimant is not disabled and was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §416.920(g)).

This Court believes that there are two considerations which mandate vacating this decision.

First, there is no mention in the ALJ's decision of a Basic Medical form completed by a primary treating physician, Dr. Friess, under date of May 16, 2002. The physical capacities he noted therein are inconsistent with the ALJ's conclusion that the plaintiff is capable of a full range of light work.[3]

While the defendant attempts to pass off this glaring omission as harmless error, this Court is not inclined to do so. Although, as defendant argues, this evidence does not compel the conclusion that the plaintiff is disabled, this Court believes that it is of sufficient value that it warranted cogent consideration in the ALJ's decision.

Second, it appears that the ALJ gave substantial weight to "the assessment given by the DDS consultant (Exhibit 3F)" in finding that the plaintiff is capable of a full range of light work. The

---

[3]There is also no mention of a similar form completed by another treating physician, Dr. Meesala, under date of November 1, 2001 which reflects lesser limitations than those noted by Dr. Friess. Also notably missing from the ALJ's decision is any reference to Dr. Daprano, whose name appears repeatedly in the plaintiff's medical records at the Metro Health Medical Center facility where she received her treatment. In fact, not one of the plaintiff's treating physicians is identified by name in the ALJ's decision.

problem with this is that Exhibit 3F is unsigned and undated, so that there is no way of knowing whose assessment it represents and/or the evidence that was reviewed by the unknown DDS consultant. What is known is that it appears early in the record, well ahead of the bulk of the medical evidence. This being so, this Court finds that it was entitled to no evidentiary weight, and that the ALJ's reliance upon it was clear error.

This Court also finds that the plaintiff has failed to demonstrate that there is no doubt that she is disabled, and entitled to the benefits she seeks.

This being so, this Court concludes that the only proper resolution of this appeal is an order of remand, pursuant to the fourth sentence of 42 U.S.C. §405(g), for further proceedings, and it is recommended that such order be entered.[4]

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE:   November 27, 2007

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[4] This may well be one of those cases in which the services of a medical expert would assist in reaching a fully informed conclusion.