**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ARLEATHA P. JINKS,** ) | Case No. 1:06-CV-2934 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **OPINION AND ORDER** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge David S. Perelman issued on November 27, 2007 (the "R&R"). **(ECF No. 17.)** Plaintiff Arleatha Jinks seeks judicial review of Defendant Commissioner's final determination denying Jinks supplemental security income benefits. The Magistrate Judge recommends that the Commissioner's final decision be vacated (see *id.* at 4), and the case remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

In so recommending, Magistrate Judge Perelman found that Exhibit 3F[1] was not entitled to any evidentiary weight, and therefore the Administrative Law Judge's ("ALJ")

---

[1] Exhibit 3F is an unsigned, undated assessment allegedly given by a DDS consultant physician, (See Record, 123-27.)

consideration of (and apparent reliance on) Exhibit 3F in finding that Jinks is capable of a full range of light work was clear error. (ECF No. 17, R&R, 4-5.) The Magistrate Judge also found that, in reaching his decision, the ALJ apparently ignored or otherwise gave no weight to conclusions and reports completed by several physicians, including Jinks's personal physicians. (*Id.*) Especially troublesome was the omission of any discussion in the ALJ's decision of a Basic Medical form completed by Jinks's primary treating physician that contradicted the ALJ's conclusion on Jinks's ability to work. (*Id.* at 4.)

On the other hand, Magistrate Judge Perelman also found that Jinks has failed to demonstrate that there is no doubt she is disabled and entitled to the benefits she seeks. (*Id.* at 5.) The Magistrate Judge concluded that remand is the only proper resolution of the instant appeal. (*Id.*)

On December 6, 2007, the Commissioner filed a one-sentence response to the R&R, stating that the Commissioner will not be objecting to the R&R. (ECF No. 18.)

Having reviewed the R&R, and in light of the Commissioner's response, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation **(ECF No. 17)** in full. The Commissioner's final decision is **VACATED**, and the case is **REMANDED** to address and correct the ALJ's analytical errors and to reach a fully informed conclusion based on all the available medical evidence.

Notably, where a case is remanded to the Commissioner in conjunction with a final judgment affirming, modifying, or reversing the Secretary's decision (a "sentence-four remand"), the proceedings on remand can involve the taking of additional evidence. *See Faucher v. Secretary of Health and Human Servs.,* 17 F.3d 171, 175 (6th Cir. 1994). As

Magistrate Judge Perelman observed, this case is "one of those cases in which the services of a medical expert would assist in reaching a fully informed conclusion." (ECF No. 17, 5, n.4.)

   **IT IS SO ORDERED.**

                */s/Dan Aaron Polster December 12, 2007*
                *Dan Aaron Polster*
                *United States District Judge*